Case 6:21-cv-00008   Document 1-2   Filed on 03/08/21 in TXSD   Page 1 of 9

Filed 2/1/2021 4:12 PM
Kim Plummer
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. 21-02-86815-C

| | | |
|---|---|---|
| **NICOLAS MARTINEZ,** *Plaintiff* | § § § | IN THE DISTRICT COURT |
| VS. | § § § | _____ JUDICIAL DISTRICT |
| **Y.J. TRANSPORTATION INC. AND ARMAN MARKOSYAN,** *Defendants* | § § § | VICTORIA COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION,
TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,
TRCP 194.2 REQUESTS FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES NICOLAS MARTINEZ**, hereinafter referred to by name or as Plaintiff, and complain of **Y.J. TRANSPORTATION, INC. AND ARMAN MARKOSYAN**, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.
PARTIES**

2. Plaintiff **NICOLAS MARTINEZ (SSN XXX-XX-X609, DLN XXXXX437)** is an individual residing in San Patricio County, Texas.

3. Defendant **ARMAN MARKOSYAN** is individual residing in Van Nuys, California, and may be served with process at his residence located at 6726 Sylmar Ave, #203, Van Nuys, California.

Exhibit A

4.     Defendant **Y.J. TRANSPORTATION, INC.** is a foreign for-profit corporation, who may be served with process through their registered agent for service, Manuel C. Mapula, 11705 Gloger Street, Houston, Texas 77039.

### III.
### JURISDICTION & VENUE

5.     This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant does business in the State of Texas.

6.     Venue is proper in Victoria County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE and 15.036; Texas Bus. & Com. Code § 17.56 because it is the county in which the cause of action occurred; and pursuant to Texas Insurance Code Article 5.06-1(8).

### IV.
### FACTS

7.     On or about January 2, 2020, Plaintiff **NICOLAS MARTINEZ** was operating an 18-wheeler, in a lawful manner, traveling southbound on the 11500 block of US Highway 59N, when suddenly, violently and without warning, **ARMAN MARKOSYAN**, who was operating another 18-wheeler, struck the rear of **NICOLAS MARTINEZ'S** vehicle. As a result of the collision, Officer Jonathan Houser with the Victoria Police Department was called to the scene, and after an investigation found **ARMAN MARKOSYAN** to be the at fault driver and listed Failing to Control Speed as a contributing factor to the wreck.

*NICOLAS MARTINEZ VS. Y.J. TRANSPORTATION, INC. AND ARMAN MARKOSYAN*     PAGE 2 OF 9
*Plaintiff's Original Petition, TRCP 193.7 Notice and RFD*

Exhibit A

## V.
## CAUSES OF ACTION AGAINST ARMAN MARKOSYAN

*A.   NEGLIGENCE*

8.  The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of **ARMAN MARKOSYAN**, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiffs to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a.   failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.   failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

   c.   operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

   d.   failing to turn the vehicle in an effort to avoid the collision in question;

   e.   failing to blow horn warning of imminent danger;

   f.   in failing to maintain speed – driving at a speed greater than is reasonable in violation of TEX. TRANSP. CODE § 545.351; and

   g.   in failing to maintain a safe following distance in violation of TEX. TRANSP. CODE § 545.062.

9.  At the time and on the occasion in question, **ARMAN MARKOSYAN** failed to act as a reasonable prudent person would or should under the same or similar circumstances and was the proximate cause of the collision and Plaintiff's injuries.

Exhibit A

**B.    NEGLIGENCE PER SE**

10.    Further, **ARMAN MARKOSYAN** failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.351 pursuant to the Negligence Per Se Doctrine which mandates that:

> **§545.351. Maximum Speed Requirement**
>
> (a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
>
> (b) An operator:
>
> > (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and
> >
> > (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.
>
> (c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:
>
> > (1) the operator is approaching and crossing an intersection or railroad grade crossing;
> >
> > (2) the operator is approaching and going around a curve;
> >
> > (3) the operator is approaching a hill crest;
> >
> > (4) the operator is traveling on a narrow or winding roadway; and
> >
> > (5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

NICOLAS MARTINEZ VS. Y.J. TRANSPORTATION, INC. AND ARMAN MARKOSYAN    PAGE 4 OF 9
Plaintiff's Original Petition, TRCP 193.7 Notice and RFD

Exhibit A

11.     Further, **ARMAN MARKOSYAN** failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.602 pursuant to the Negligence Per Se Doctrine which mandates that:

> **§545.062. Following Distance**
>
> (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.
>
> (b) An operator of a truck or of a motor vehicle drawing another vehicle who is on a roadway outside a business or residential district and who is following another truck or motor vehicle drawing another vehicle shall, if conditions permit, leave sufficient space between the vehicles so that a vehicle passing the operator can safely enter and occupy the space. This subsection does not prohibit a truck or a motor vehicle drawing another vehicle from passing another vehicle.
>
> (c) An operator on a roadway outside a business or residential district driving in a caravan of other vehicles or a motorcade shall allow sufficient space between the operator and the vehicle preceding the operator so that another vehicle can safely enter and occupy the space. This subsection does not apply to a funeral procession.

C.  **Gross Negligence**

12.     **ARMAN MARKOSYAN's** negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by **ARMAN MARKOSYAN** outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the Civil Practice & Remedies Code. **ARMAN MARKOSYAN's** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. **ARMAN**

Exhibit A

**MARKOSYAN** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

13. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

14. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se (V.T.C.A. § 545.402) and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of their natural life.

## VI.
## CAUSES OF ACTION AGAINST Y.J. TRANSPORTATION, INC.

15. Based on information and believe each of these acts and/or omissions, Defendant **Y.J. TRANSPORTATION, INC.** is liable under the doctrine of respondeat superior in that **ARMAN MARKOSYAN** was operating the vehicle in the course and scope of his employment with **Y.J. TRANSPORTATION, INC.**

## VII.
## DAMAGES

16. As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **NICOLAS MARTINEZ** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

Exhibit A

17. As a further result of all of the above, Plaintiff has incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries.

18. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

19. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

20. Plaintiff further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

21. Plaintiff demands a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

## X.
## REQUEST FOR DISCLOSURE

22. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within thirty (30) days of the filing of Defendant's Original Answer, the information and material described in each section of RULE 194.2.

Exhibit A

## XI.
## NOTICE OF SELF-AUTHENTICATION

23. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: dhatcher-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

Exhibit A

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
**521 STARR STREET**
**CORPUS CHRISTI, TEXAS 78401**
**PHONE: (361) 985-0600;   FAX: (361) 985-0601**

BY: _____
**DAVID HATCHER**
**STATE BAR NO. 24062771**
*email: dhatcher-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**

\* service by email to this address only

NICOLAS MARTINEZ VS. Y.J. TRANSPORTATION, INC. AND ARMAN MARKOSYAN        PAGE 9 OF 9
Plaintiff's Original Petition, TRCP 193.7 Notice and RFD

Exhibit A